UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:17-cv-21897-Williams/Torres

DESIREE GOODE,

      Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation, d/b/a
CARNIVAL CRUISE LINE;
MARGARITAVILLE HOLDINGS, LLC,
MARGARITAVILLE HOLDINGS II, LLC,
MARGARITAVILLE CARIBBEAN LTD.,
AND MARGARITAVILLE (TURKS) LTD.

      Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT
CARNIVAL CORPORATION'S MOTION TO DISMISS**

Plaintiff, DESIREE GOODE, through the undersigned counsel, respectfully submits this response to Defendant's, CARNIVAL CORPORATION, Motion to Dismiss her Amended Complaint, and states:

**<u>MEMORANDUM OF LAW</u>**

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United* States, 734 F.2d 762, 765 (11th Cir. 1984).  A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Jackson v. BellSouth Telecommunications, Inc.*, 181 F. Supp. 2d 1345, 1353 (S.D. Fla. 2001) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *See Financial Sec. Assur. v. Stephens, Inc.,* 500 F.3d 1276, 1282-83 (11th Cir. 2007) (citing *Roe v. Aware Woman Ctr. For*

*Choice Inc.*, 253 F.3d 678, 683 (11th Cir. 2001)) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).  The Court must construe the complaint in light most favorable to the plaintiff, and accept all facts and all reasonable inferences drawn from those facts as true.  *Hinson v. King & Spalding*, 467 U.S. 69, 73 (1984): *Gentry v. Carnival Corp.,* 2011 WL 4737062 (S.D. Fla. October 5, 2011); *Erickson v. Pardus*, 551 U.S. 89 (2007) (When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint.).

The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995); *Bluegreen Corp. v. PC Consulting, Inc.*, 0780385CIV-RYSKAMP, 2007 WL 2225983 *2 (S.D. Fla. July 31, 2007) (citing *In re Southeast Banking Corp.*, 69 F.3d 1539 at 1551.  As such, Courts in this district have routinely stated that such motions are "viewed with disfavor and rarely granted." *Jackson*, 181 F. Supp. 2d 1345, 1353 (S.D. Fla. 2001) (citing *Future Tech Int'l, Inc. v. Tae IL Media, Ltd.*, 944 F. Supp. 1538, 1561 (S.D. Fla. 1961)).

Under the Federal Rules of Civil Procedure, even after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007),

> Rule 8(a) requires only "**a short and plain statement of the <u>claim[s] showing</u> that the pleader is entitled to relief**." It does not "require that a plaintiff specifically plead every element of a cause of action." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Although "notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory," *id.* at 684 (emphasis added), it does not require complaints to contain law or to identify legal theories[.].

*Balaschak v. Royal Caribbean Cruises, Ltd.*, No. 09-21196-CIV, 2009 WL 8659594, at *6 (S.D. Fla. Sept. 14, 2009) (emphasis added) (citations omitted). Specific facts are not necessary in order to state a claim.  The statement need only "give the defendant fair notice of what the. . .

claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citing *Conley*, 355 U.S. 41, 47 (1957)).  Under *Twombly*'s plausibility standard, the facts pled in a complaint must simply "raise a reasonable expectation that discovery will reveal evidence" corroborating the plaintiff's claims.  *Id*. at 545.  This standard is met when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even after *Twombly*, "it remains black-letter law today that in the ordinary case a complaint need not provide detailed factual allegations in order to withstand 12(b)(6) scrutiny."  "*Twombly* neither eliminated nor marginalized the liberal pleading rules." *Rocha v. Carnival Corporation*, Case No: 10-22799-cv-JAL (S.D. Fla. 2011) (citing *Caytrans BBC, LLC v. Equipment Rental & Contractors Corp.,* 2009 WL857554, at *2 (S.D. Ala. Mar. 25, 2009) and *Wilchombe v. TeeVee Toons, Inc.,* 555 F. 3d 949, 958 (11th Cir. 2009)).

Furthermore, as the Eleventh Circuit found in *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225 (11th Cir. 2014)*,*

> [The Plaintiff] could have specifically claimed that [the decedent] would not have followed the advice of the ship's medical personnel had he suspected they were not actually the agents of Royal Caribbean. Effectively, however, that sort of statement would only put Franza's existing message in the negative. **We do not require plaintiffs to perform such linguistic gymnastics in order to defeat a motion to dismiss**.

*Id.* at 1253 (emphasis added).[1]

## A.    Ms. Goode Complied with the Language of Defendant's Ticket Contract.

---

[1] Plaintiff respectfully submits that since Defendant is alleging "facts," which direct the Court's attention outside the four corners of the Complaint (and which she disputes, as, among other things, discovery has not yet been completed), this issue is better resolved at the time for the parties to file their motions for summary judgment, after the Defendant files its answer and affirmative defenses to his First Amended Complaint, and after the record is more complete.

The statute of limitation that governs this case is 46 U.S.C.A. § 30106 ("Except as otherwise provided by law, a civil action for damages for personal injury or death arising out of a maritime tort must be brought **within 3 years** after the cause of action arose."). The language Defendant refers to is from its own purported contract, and that language is therefore governed by contract law. *See* Purported Ticket Contract, [DE 54-1 at p. 1].

"'Cruise passenger tickets are contracts of adhesion, and as such, ambiguities in them must be construed against the carrier.'" *Wajnstat v. Oceania Cruises, Inc.*, No. 09-21850-CIV, 2011 WL 13099034, at *5 (S.D. Fla. July 12, 2011) (citations omitted); *see also, e.g.*, *Rams v. Royal Caribbean Cruise Lines, Inc.*, 17 F.3d 11, 12-13 (1st Cir. 1994). This means that "if [a court] finds[s] that one or more contractual provision are subject to multiple reasonable meanings, [it] must favor the meaning that least benefits the drafter." *Stotesbury v. Pirate Duck Adventure, LLC*, No. 3:11-CV-00018, 2013 WL 3199353, at *3 (D.V.I. June 25, 2013) (citing *Sharpe v. West Indian Co., Ltd.*, 118 F.Supp.2d 646, 650 n. 4, 653 (D.V.I.2000); *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 838 (9th Cir. 2002) ("[A]mbiguities in a contract are construed against its drafter[.]")). Furthermore, "opaqueness, like ambiguity, obscures the meaning of an instrument that 'in case of doubt . . . is to be taken against the party that drew it.'") (quoting *Rams*, 17 F.3d at 12).

Here, Defendant seeks to have Ms. Goode bound by the following disputed language,

Carnival shall not be liable for any claims whatsoever for personal injury, illness or death of the guest, unless full particulars in writing are given to Carnival within 185 days after the date of the injury, event, illness or death giving rise to the claim. Suit to recover on any such claim shall not be maintainable unless filed within one year after the date of the injury, event, illness or death, and unless served on Carnival within 120 days after filing. Guest expressly waives all other potentially applicable state or federal limitations periods.

*See* Purported Ticket Contract, [DE 54-1 at p. 1]. In other words, as Defendant itself **admits**, "[t]he reasonably communicated and legally binding provision at issue mandates that any **suit** for personal injury **be commenced within one year** of the date the cause of action accrues. *See* [DE 54 at p. 7] (citing Purported Ticket Contract. [DE 54-1 at p. 1]).[2]

Since Ms. Goode indisputably **commenced** her lawsuit within one year of her incident/ Therefore, she has complied with all relevant provisions of Defendant's purported ticket contract. "There is no mention of[,]" *Rams*, 17 F.3d at 13, all theories of breach needing to be brought in the suit within one year once the suit is maintained, no mention of the relation back doctrine, and no mention of the Federal Rules of Civil Procedure and whether the caselaw interpreting it applies to the terms of this purported one year limitation. It would have been easy for Defendant to include any one of these hypothetical provisions, but it included none of them. Therefore, "[t]he provision is ambiguous in this regard and the ambiguity is to be construed against the drafter." *Bedell v. Peninsular & Oriental Steam Nav. Co.*, No. CIV. A. 3-83-1667-H, 1985 WL 2541, at *4 (N.D. Tex. Jan. 4, 1985) (emphasis in original). Ms. Goode respectfully submits that, since she has moved to amend her complaint within three years of her incident, she has complied with the only applicable statute of limitation governing her ability to do so, 46 U.S.C.A. § 30106.

Additionally, Ms. Goode respectfully submits that,

> Although [she] believe[s] that the above reading of the ticket contract is correct, [there] [should be] absolutely no doubt that the contract is at the very least ambiguous and that therefore it must be construed against the defendant. Finally, **even if the relevant provisions were to escape the meaning [she] ascribe[s] to**

---

[2] Regardless of Defendant's admission, Ms. Goode is bringing one claim (and one lawsuit) against Defendant, as she is pursuing a negligence claim against Defendant. The relation back doctrine distinguishes between new allegations of duty and new allegations of breach in a negligence claim, and medical negligence is a theory of breach and not a separate duty (as in both cases, the duty is to exercise reasonable care under the circumstances). Indeed, Defendant also admits this as well. See [DE 54 at p. 14] ("As a preliminary matter, **these counts 'are not really causes of action, but rather theories of liability'** and are duplicative of prior causes of action alleged against Carnival in the Amended Complaint.") (emphasis added) (citing *Gayou*, 2012 U.S. Dist. LEXIS 77536 *24, n. 4). Only a new allegation of duty would arguably give rise to a separate claim.  Ms. Goode will discuss this issue in more detail in her discussion of the relation back doctrine later in her response.

> them and to hurdle the obstacle of ambiguity, **they would fail to meet [the] standard of "reasonable communicativeness**[,]" . . . [as it is simply not true from] "the facial clarity of the ticket contract" that the "language and appearance make the relevant provisions sufficiently obvious and understandable."

*Rams*, 17 F.3d at 13 (citations omitted) (emphasis added).

Therefore, Ms. Goode respectfully submits that, for all of the reasons discussed above, the Court should deny Defendant's motion to dismiss.[3]

**B.     Additionally, allegations of negligence at the shoreside restaurant against Carnival relate back to the filing of the Initial Complaint.**

Contrary to Defendant's assertions, the relation back doctrine allows additional allegations of breach of the duty to exercise reasonable care under the circumstances in a negligence case to be brought when they arise out of the same common core of operative facts.

"Rule 15(c) provides for amendment of the complaint and the addition of new parties. The Rule permits the amendment to relate back to the date of the original complaint if the claim asserted in the amended complaint arises out of the **same occurrence** as the original pleading." *Jimenez v. Princess Cruises, Inc.*, No. CIV. 89-0079 HL, 1991 WL 405602, at *2 (D.P.R. Sept. 15, 1991) (footnote omitted) (emphasis added); *see also* Fed. R. Civ. P. 15(c)(1)(B) (An amendment relates back if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or **occurrence** set out--or attempted to be set out--in the original pleading[.]") (emphasis added). "So long as the original and amended petitions state claims that

---

[3] Ms. Goode also notes that another court in the Southern District of Florida recently heard similar arguments relating to Defendant's contractual limitations on lawsuit commencement when another plaintiff sought leave to amend her complaint to add allegations of over-service of alcohol, and the Defendant raised the same arguments Carnival now raises in its response to that plaintiff's motion to amend, and the Honorable Court ruled in favor of the plaintiff in that case and allowed her to amend her complaint to add these new allegations of over-service of alcohol more than a year after the plaintiff's incident in that case (the plaintiff in that case's attached reply exceeded 10 pages because she obtained permission from that court). *See* Ko v. MSC Cruises, S.A., CASE NO.: 0:17-cv-60092-WPD, Docket Entries 37 and 38, attached hereto as Exhibits 1 and 2. The Defendant in that case never moved to dismiss the amended complaint prior to the deadline to do so, probably because the issues were resolved at the motion for leave to amend stage.

are tied to a **common core of operative facts**, relation back will be in order." *Mayle v. Felix*, 545

U.S. 644, 664 (2005) (emphasis added).

      In this regard, it is notable that the United States Supreme Court itself has opined on the

scope of the relation back doctrine, and it found that the scope was very broad for personal injury

cases, noting that

> In *Tiller* [*v. Atlantic Coast Line R. Co.*, 323 U.S. 574 (1945)], a railroad worker
> was struck and killed by a railroad car. His widow sued under the Federal
> Employers' Liability Act, 45 U.S.C. § 51 et seq., to recover for his wrongful
> death. She initially alleged various negligent acts. In an amended complaint, she
> added a claim under the Federal Boiler Inspection Act for failure to provide the
> train's locomotive with a rear light.  We held that the amendment related back,
> and therefore avoided a statute of limitations bar, **even though the amendment
> invoked a legal theory not suggested by the original complaint and relied on
> facts not originally asserted.  There was but one episode-in-suit in *Tiller*, a
> worker's death attributed from the start to the railroad's failure to provide
> its employee with a reasonably safe place to work**. The federal rulemakers
> recognized that personal injury plaintiffs often cannot pinpoint the precise cause
> of an injury prior to discovery. *See* 5 C. Wright & A. Miller, Federal Practice and
> Procedure § 1215, pp. 138–143 (2d ed.1990). They therefore included in the
> Appendix to the Federal Rules an illustrative form indicating that a personal
> injury plaintiff could adequately state a claim for relief simply by alleging that
> the defendant negligently operated a certain instrumentality at a particular time
> and place. See Form 9, Complaint for Negligence, Forms App., Fed. Rule Civ.
> Proc., 28 U.S.C.App., p. 829. **The widow in *Tiller* met that measure. She
> based her complaint on a single "occurrence," an accident resulting in her
> husband's death**.

*Mayle v. Felix*, 545 U.S. 644, 659–60 (2005) (emphasis added) (citing *Tiller*, 323 U.S. at 580–

581, (1945)).

      By way of analogy, an additional theory of breach of the duty to exercise reasonable care

under the circumstances premised on over-service of alcohol would relate back even where

intoxication was not initially pled, so long as the over-service is part of the same common core of

operative facts. *Barnes v. Wilson*, 40 Cal. App. 3d 199, 205 (Ct. App. 1974) (citing *Grudt v. City

of Los Angeles*, 468 P.2d 825, 829 (1970)) ("Defendant[ ] refer[s] to the fact that the original

complaint did not contain an allegation that [she] was intoxicated[ ] . . . [t]he allegation of [ ] intoxication in the amended complaint merely added an incidental fact **reasonably inferable** from the facts alleged in the original complaint and did not result in a statement of 'a significantly **distinct cause of action**.'") (emphasis added); *see also Powell v. Coffee Beanery, Ltd.*, 965 F. Supp. 971, 976 (E.D. Mich. 1997).

Ms. Goode also respectfully submits that, when comparing her initial and amended complaints,

> the facts surrounding the accident are the same. [All of her] theories are predicated on [her initial injury at Margaritaville] . . . It has been held that although an Amendment must not introduce a cause of action substantially different, an alteration of **the modes in which defendant has breached a legal duty** or caused an injury **is not an introduction of a new cause of action**. *Smith v. Piper Aircraft Corp.*, 18 F.R.D. 169 (M.D.Pa.1955). **Also, as long as a plaintiff adheres to a legal duty breached or an injury originally declared on, an alteration of the modes in which defendant has breached the legal duty or caused the injury is not an introduction of a new cause of action**.

*Humphries v. Going*, 59 F.R.D. 583, 587 (E.D.N.C. 1973) (emphasis added).

Under general maritime law, a Defendant's medical negligence is but one way it can breach its duty of reasonable care under the circumstances as Defendant itself admits. *See* [DE 54 at p. 15] (citing *Lugo v. Carnival Corp.*, No. 1:15-CV-21319-KMM, 154 F. Supp. 3d 1341, 2015 U.S. Dist. LEXIS 173398, 2015 WL 9583280, at *3 (S.D. Fla. Dec. 31, 2015) ("It is well established that a cruise ship operator owes its passengers 'the duty of exercising reasonable care under the circumstances of each case.'"); *Barbetta v. S/S Bermuda Star*, 848 F.2d 1364, 1372-1374 (5th Cir. 1988) (abrogated on other grounds); *Jackson v. Carnival Cruise Lines, Inc.*, 203 F. Supp. 2d 1367, 1374 (S.D. Fla. 2002); *Doe v. Celebrity Cruises*, 145 F. Supp. 2d 1337, 1345 (S.D. Fla. 2001)).

Defendant relies almost exclusively on one case in support of its argument, *Hajtman v. NCL (Bahamas) Ltd.*, No. 07-22429-CIV, 2008 WL 1803630 (S.D. Fla. Apr. 21, 2008). The honorable court in *Hajtman*, found that the "Plaintiff [was] simply trying to interject a new theory of liability based upon facts and conduct that was not previously alleged. Therefore, Defendant was not given notice regarding the **negligent hiring claim** anywhere within Plaintiff's originally filed complaint." *Hajtman v. NCL (Bahamas) Ltd.*, No. 07-22429-CIV, 2008 WL 1803630, at *2 (S.D. Fla. Apr. 21, 2008) (emphasis added). However, unlike in *Hajtman*, Ms. Goode is not attempting introduce another cause of action such as a negligent hiring claim, she is merely attempting to introduce another allegation of breach of the duty to exercise reasonable care under the circumstances in a negligence case.[4]

Moreover, the honorable court in *Hajtman* actually upheld a separate count that had been pled after the statute of limitations expired. *See Hajtman*, 2008 WL 1803630, at *4 ("[B]ecause Plaintiff's original complaint called into question Dr. Doe's abilities, and Defendant's endorsement of those abilities, [and therefore] the claim for **fraud** ar[ose] out of a 'common core of operative facts' with the original complaint and relate[ed] back to the date of original filing.") (emphasis added). Here, Ms. Goode's first amended complaint is more analogous to the count upheld in *Hajtman*, since her first amended complaint called into question the circumstances surrounding Ms. Goode's injuries.

In other words, Ms. Goode's allegations of negligence against Carnival while she was at Margaritaville are clearly "tied to a **common core of operative facts**[ ]" of her initial complaint. *Mayle*, 545 at 664. Ms. Goode is simply seeking to allege that Carnival was responsible for

---

[4] Ms. Goode also respectfully submits that, since *Hajtman* is not an Eleventh Circuit or United States Supreme Court cases, these cases ultimately are not binding on this Honorable Court, and to the extent that these cases may narrow the scope of the relation back doctrine as set out in *Mayle* and *Tiller*, these honorable courts simply ruled incorrectly.

initially causing (or setting in motion) the same incident and injuries that have been at issue all along in this case. *See* [DE 1] at pp. 3-5.

Therefore, Ms. Goode respectfully submits that, for the reasons previously discussed, Defendant's motion to dismiss should be denied.[5]

**C.    Counts I, II, III, IV, V, VI, and VIII should not be dismissed.**

   1.    Plaintiff's Amended Complaint is not a shot-gun pleading.

Defendant claims Plaintiff's Amended Complaint is a shotgun pleading, but the cases it cites, such as *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 650 n. 22 (11th Cir. 2010), deal with complaints where each subsequent count incorporated all of the previous counts, which is not the case here. Therefore, Defendant's motion to dismiss should be denied.[6]

   2.    Duty to provide adequately licensed medical staff.

Defendants have a duty to ensure that their medical staff are adequately licensed. *Hunt v. Gualtieri*, No. 8:16-CV-509-T-33AAS, 2016 WL 7034412, at *7 (M.D. Fla. Dec. 2, 2016) ("Hunt alleges that Sheriff Gualtieri's medical staff, including Nurse Cruz, breached the standard of care for similar health care professionals in numerous ways, including among others: '**by failing to insure that its physicians ... were licensed**[.]' . . . Hunt's claims for ordinary negligence and medical negligence against Sheriff Gualtieri survive the motion to dismiss stage.") (emphasis added). Here, Plaintiff alleged that "[o]n or about May 26, 2016, Defendant Carnival Corporation had a duty to provide the Plaintiff with reasonable care under the circumstances and through the acts of its apparent agent, Defendant Thulani Prince Khwela, breached its duty to provide

---

[5] Plaintiff also notes that Defendant appears to have repeated some of the same arguments it made in arguing that Plaintiff's motion for leave to amend the complaint should be denied. [DE 54 at p. 9]. However, since Plaintiff has already amended her complaint, these arguments are moot.

[6] While it appears that Defendant has abandoned seeking dismissal of Plaintiff's amended complaint with prejudice, to the extent Defendant still seeks dismissal with prejudice, it also cites to no authority as to why this Honorable Court should dismiss these allegations of her amended complaint with prejudice, where, even if they were deficient, Plaintiff could simply re-allege them with the specificity that Defendant demands.

Plaintiff with reasonable care under the circumstances." *See, e.g.*, [DE 54 at p. 19]; *see also id.* at p. 17, p. 21-22, p. 24-25, pp. 26-27, pp. 29-30, p. 30. Plaintiff alleged that her "injuries were accelerated due to the fault and/or negligence of Defendant Carnival through the acts of its apparent agent, Defendant Thulani Prince Khwela, as follows: . . . c. Knowingly rendering treatment to Plaintiff while **lacking the proper licenses to practice medicine**; and/or d. **Failing to have proper licenses to practice medicine**[.]" *See, e.g.*, [DE 54 at p. 19] (emphasis added); *see also id.* at p. 17, p. 21-22, p. 24-25, pp. 26-27, pp. 29-30, p. 30. Contrary to Defendant's representations, Ms. Goode did not allege in her amended complaint that Defendant owed a duty to have its medical professionals licensed in its flag state or Turks and Caicos.

Plaintiff also alleged that a "glass cut the top/upper portion of Plaintiff's foot[,]" [DE 52 at p. 15], that "Plaintiff was taking back the subject ship for medical treatment[,]" id., "[n]o x-rays were done of Plaintiff's injury[,]" id., "[t]hree stitches were sutured[,]" id., "[t]he ship doctor advised the Plaintiff to have the stitches removed in 7-10 days[,]" id., "[a]fter Plaintiff returned home, she waited five additional days (per ship doctors' instructions) to have the stitches removed[,]" id. at pp. 15-16, "Plaintiff was advised that that the three stitches sutured was insufficient. In fact, there should have been more stitches sutured[,]" id. at p. 16, "[d]ue to the length of time that had passed, [her] tendon was unable to be repaired[,]" id., "[t]he delay in treatment, based on the ship doctor's instruction, coupled with the failure to administer the proper amount of stitches, caused the Plaintiff severe injuries or aggravation of her injury including but not limited to a tendon transfer, loss of feeling/sensation and difficulties ambulating." id. (emphasis added).

Therefore, Plaintiff has adequately pled that Defendant had a duty to ensure that its medical staff were adequately licensed, that Defendant breached this duty by failing to provide

for adequately licensed medical staff, and that this inadequate licensing caused her injuries, and

Carnival's Motion to Dismiss should be denied.[7]

       3.      Apparent agency as to doctor Thulani Prince Khwela.

As the Eleventh Circuit held in *Franza*,

> When applying the tort and contract law of several states, we have repeatedly observed that apparent agency liability requires finding three essential elements: first, **a representation by the principal to the plaintiff**, which, second, **causes the plaintiff reasonably to believe that the alleged agent is authorized to act for the principal's benefit**, and which, third, **induces the plaintiff's detrimental, justifiable reliance upon the appearance of agency**.

*Franza*, 772 F.3d at 1252.

Here, Plaintiff alleged that,

> At all times material hereto, Defendant Thulani Prince Khwela was represented to the Plaintiff and the ship's passengers as an employee and/or agent and/or servant of Defendant, Carnival, in that:
>     a. He wore a ship's uniform; and/or
>     b. He was under the commands of the ship's officers; and/or
>     c. He worked in the ship's medical department; and/or
>     d. He was paid a salary by Carnival; and/or
>     e. He worked aboard the vessel; and/or
>     f. He spoke to the Plaintiff as though he had authority to do so by Carnival.

[DE 1 at p. 18]. As to detrimental reliance, Plaintiff alleged that her "reasonable reliance

was detrimental because it significantly delayed Plaintiff from receiving proper medical

treatment." Id. at p. 19. As to how this detrimental reliance delayed Plaintiff from receiving

proper medical treatment, Plaintiff alleged that "[t]he ship doctor advised the Plaintiff to have the

stitches removed in 7-10 days[,]" id. at p. 15, "[a]fter Plaintiff returned home, she waited five

additional days (per ship doctors' instructions) to have the stitches removed[,]" id. at pp. 15-16,

---

[7] While it appears that Defendant has abandoned seeking dismissal of Plaintiff's amended complaint with prejudice, to the extent Defendant still seeks dismissal with prejudice, it also cites to no authority as to why this Honorable Court should dismiss these allegations of her amended complaint with prejudice, where, even if they were deficient, Plaintiff could simply re-allege them with the specificity that Defendant demands.

"Plaintiff was advised that that the three stitches sutured was insufficient. In fact, there should have been more stitches sutured[,]" id. at p. 16, "[d]ue to the length of time that had passed, the tendon was unable to be repaired[,]" id., "A tendon transfer was required[,]" id., "[t]he delay in treatment, based on the ship doctor's instruction, coupled with the failure to administer the proper amount of stitches, caused the Plaintiff severe injuries or aggravation of her injury including but not limited to a tendon transfer, loss of feeling/sensation and difficulties ambulating." id.

Indeed, the Eleventh Circuit in *Franza* reversed when "the district court dismissed Ms. Franza's apparent agency claim because her complaint 'd[id] not state how [the decedent] relied on, or changed his position in reliance on, his alleged belief that the doctor and/or nurse was Royal Caribbean's agent.'" *Franza*, 772 F.3d at 1252. This was because the Eleventh Circuit found that the complaint in *Franza* alleged precisely such reliance:

> [the decedent] relied to his detriment on his belief that the physician and nurse were direct employees or actual agents of [Royal Caribbean] in that [the decedent] followed the advice of the nurse and/or physician who did not seek any further medical testing or evaluation while the ship was in Bermuda, that he relied on the ship's nurse and/or physician, [and] that he did not follow-up with the ship's medical staff as he was told that he did not have any serious injury.

*Id.* Therefore, Plaintiff has adequately pled apparent agency as to Doctor Thulani Prince Khwela, and Carnival's Motion to Dismiss should be denied.[8]

4.      Apparent agency as to nurse Martha Kotze.

As the Eleventh Circuit held in *Franza*,

---

[8] Carnival also briefly argued that Plaintiff has not alleged any facts as to what, if any, alternative medical treatment or course of conduct was available; or what, if any, alternative medical treatment or course of conduct she would have taken had she known that the ship's medical staff were not Carnival's agent. However, Defendant has not cited to any authority for this argument.

While it appears that Defendant has abandoned seeking dismissal of Count II of Plaintiff's amended complaint with prejudice, to the extent Defendant still seeks dismissal with prejudice, it also cites to no authority as to why this Honorable Court should dismiss Count II of her amended complaint with prejudice, where, even if Count II of her complaint were deficient, Plaintiff could simply re-allege Count II with the specificity that Defendant demands.

> When applying the tort and contract law of several states, we have repeatedly observed that apparent agency liability requires finding three essential elements: first, **a representation by the principal to the plaintiff**, which, second, **causes the plaintiff reasonably to believe that the alleged agent is authorized to act for the principal's benefit**, and which, third, **induces the plaintiff's detrimental, justifiable reliance upon the appearance of agency**.

*Franza*, 772 F.3d at 1252.

Here, Plaintiff alleged, in a short and plain statement of a claim showing that she is entitled to relief, that,

> At all times material hereto, Defendant Martha Kotze was represented to the Plaintiff and the ship's passengers as an employee and/or agent and/or servant of Defendant, Carnival, in that:
> a. The nurse wore a ship's uniform; and/or
> b. The nurse ate with the ship's crew; and/or
> c. The nurse was under the commands of the ship's officers; and/or
> d. The nurse worked in the ship's medical department; and/or
> e. The nurse was paid a salary by Carnival; and/or
> f. The nurse worked aboard the vessel; and/or
> g. The nurse spoke to the Plaintiff as though he had authority to do so by Carnival.

[DE 54 at p. 20-21]. As to detrimental reliance, Plaintiff alleged that her "reasonable reliance was detrimental **because it significantly delayed Plaintiff from receiving proper medical treatment**." [DE 52 at p. 21]. As to how this detrimental reliance delayed Plaintiff from receiving proper medical treatment, in addition to the allegations on pages 15-16 of Plaintiff's complaint previously discussed as to Dr. Khwela, *see* [DE 52 at pp. 15-16], Plaintiff alleged that,

> Plaintiff injuries were accelerated due to the fault and/or negligence of Defendant Carnival through the acts of its apparent agent, Defendant Martha Kotze, as follows:
> a. Failing to promptly provide Plaintiff with proper and/or adequate medical care and attention; and/or
> b. Failing to timely diagnose and/or to render adequate care/assistance in relation to the diagnosis of Plaintiff's medical condition; and/or
> c. Knowingly rendering treatment to Plaintiff while lacking the proper licenses to practice nursing; and/or
> d. Failing to have proper licenses to practice nursing; and/or
> e. Failure to place the adequate number of sutures to Plaintiff's

wound; and/or

f. Failure to provide the proper instruction regarding removal of sutures.

[DE 54 at p. 21-22].

Therefore, Plaintiff has adequately pled apparent agency as to Nurse Martha Kotze, alternative pleading of facts is permissible (as discovery has not yet been completed and Plaintiff's lack of 100% certainty at this stage of litigation is not grounds to bar her from making such allegations), and Carnival's Motion to Dismiss should be denied.[9]

5.     Plaintiff adequately pled her joint venture claim.

As to the pleading requirement for Plaintiff's Joint Venture claim,

To establish a joint venture, a plaintiff must allege (1) that the parties intended to create a joint venture; (2) that the parties had joint control or right of control over the venture; (3) that the parties had a joint proprietary interest in the subject matter of the joint venture; (4) that the parties had a right to share in the profits; and (5) that the parties had a duty to share in the losses. **These factors, however, "do not quite form a conjunctive test in which every element must be met**. Rather, [these] factors ... act as 'signposts, likely indicia, but not prerequisites', establishing that a plaintiff has plausibly stated a joint venture claim."

*Cordani v. NCL (Bahamas) Ltd.*, No. 15-23414-CIV-MORENO, 2015 WL 7758512, at *3 (S.D. Fla. Dec. 1, 2015) (citations omitted) (emphasis added).

     *i.    Defendant's Intent to Form a Joint Venture.*

Plaintiff is not required to plead exact words such as "intent" or phrases such as "right to fire," as the Eleventh Circuit found in *Franza*, 772 F.3d at 1237,

Franza did not specifically allege whether Royal Caribbean had the "right to fire" its onboard medical personnel, and thus her complaint does not directly address the fourth factor indicating control under *Langfitt*. Nevertheless, as we have seen, Franza did assert that Nurse Garcia and Dr. Gonzales were "member[s] of the crew," Compl. ¶ 31, 33, who were "under the command of

---

[9] While it appears that Defendant has abandoned seeking dismissal of Count III of Plaintiff's amended complaint with prejudice, to the extent Defendant still seeks dismissal with prejudice, it also cites to no authority as to why this Honorable Court should dismiss Count II of her amended complaint with prejudice, where, even if Count II of her complaint were deficient, Plaintiff could simply re-allege Count II with the specificity that Defendant demands.

the ship's superior officers," id. ¶ 32. Presumably, the company maintains the authority to fire crewmembers.

*Id.* (citing *Langfitt v. Fed. Marine Terminals, Inc.*, 647 F.3d 1116 (11th Cir. 2011)).

As the court in *Cordani v. NCL (Bahamas) Ltd.*, No. 15-23414-CIV-MORENO, 2015 WL 7758512 (S.D. Fla. Dec. 1, 2015), a case cited to by Defendant, found,

> With respect to NCL's and the Medical Defendants' intent to create a joint venture, the Complaint alleges that NCL and the Medical Defendants joined forces "to operate a ship's medical facility for passengers aboard the Norwegian Getaway for a profit" and references "contractual arrangements" between NCL and the Medical Defendants regarding their profit-sharing relationship. . . . NCL's Motion to Dismiss Count V of the Estate's Complaint is denied.

*Id.* at *3 (citations omitted).

Here, Plaintiff alleged in her complaint that, "[a]t all material times, Defendant Carnival and Defendants Thulani Prince Khwela and Martha Kotze engaged in a Joint Venture to operate the ship's medical facility for passengers onboard Carnval's ship, Carnival Conquest, for a profit[,] [DE 54 at p. 22-23], that "there exists contractual arrangements with Defendants Thulani Prince Khwela and Martha Kotze which expressly lay out such a profit sharing relationship[,]" id. at p. 23, and that Carnival and the shipboard doctor and nurse "[h]ad a **community of interest** in the performance of the common purpose; eg., the operation of the ship's medical facility for passengers for profit[.]" Id. at p. 24 (emphasis added).

Therefore, as Plaintiff has adequately alleged that the parties intended to create a joint venture, and as, contrary to Carnival's assertion, Plaintiff's Joint Venture Claim does not fail in the absence of such an allegation, Carnival's Motion to Dismiss should be denied.

ii.    *The Parties' Right to Share Profits and Duty to Share Losses*.

As the court in *Cordani*, 2015 WL 7758512 (S.D. Fla. Dec. 1, 2015) found,

> Finally, with respect to the right to share in profits and the duty to share in losses, the Complaint alleges (1) that any "charges" resulting from the operation

> of the medical facility were "collected by NCL, and . . . then shared by NCL and the [Medical Defendants]"; and (2) that NCL and the Medical Defendants had contracts that "expressly lay out [their] profit-sharing relationship." . . . NCL's Motion to Dismiss Count V of the Estate's Complaint is denied.

*Cordani*, 2015 WL 7758512, at *3 (S.D. Fla. Dec. 1, 2015) (citations omitted). Here, Plaintiff

alleges in her complaint that,

> As its part of the Joint Venture, Defendant Carnival financed and equipped the ship's medical facility and assisted in running it. As its part of the Joint Venture, Defendants Thulani Prince Khwela and Martha Kotze, provided labor and/or assisted in running the ship's medical facility so as to generate charges to passengers which were thereby collected by Carnival **and the money was then shared by Carnival and Defendants** Thulani Prince Khwela and Martha Kotze.
>
> Further, Carnival and the Defendants Thulani Prince Khwela and Martha Kotze **shared in the profits of the Joint Venture**. Upon information and belief, there exists contractual arrangements with Defendants Thulani Prince Khwela and Martha Kotze which expressly lay out such a profit sharing relationship. In Florida, a **duty to share losses** actually and impliedly exists as a matter of law in a situation where one party supplies the labor, experience and skill, and the other the necessary capital.

[DE 1 at p. 23-24] (emphasis added). Plaintiff also alleges that Carnival "[h]ad a right to share in

the profits of the joint venture; and/or [ ] [w]ould share losses which may have been sustained."

Id. at p. 24.

　　As to the purported contracts that Defendant has attached to its motion to dismiss, courts

"consider[ ] materials beyond complaint and its exhibits where [the[ plaintiff referred to

document in complaint, document was central to claim, **contents were undisputed**, and

defendant attached document to motion to dismiss[.]" *Franza*, 772 F.3d at 1238. Here, Plaintiff

disputes the contents of these purported contracts to the extent they are being used in a self-

serving manner by Carnival before Plaintiff has an opportunity to conduct discovery regarding

them. Therefore, this Court should not consider documents such as these at the present juncture.

Therefore, Plaintiff has adequately alleged that the parties had a right to share in the profits and a duty to share in the losses, and Carnival's Motion to Dismiss should be denied.[10]

  *iii. Joint Proprietary Interest and Control Between the Parties.*

As the court in *Cordani*, 2015 WL 7758512 (S.D. Fla. Dec. 1, 2015) found,

> Regarding a "joint proprietary interest," the Complaint alleges that NCL and the Medical Defendants had a joint proprietary interest in the medical facility, as "NCL had the interest in the money it devoted to setting up the medical facility, and the [Medical Defendants] had a proprietary interest in the time and labor expended in operating the ship's medical facility." . . . NCL's Motion to Dismiss Count V of the Estate's Complaint is denied.

*Cordani*, 2015 WL 7758512, at *3 (S.D. Fla. Dec. 1, 2015) (citations omitted).

Here, Plaintiff alleged that,

> Carnival and Defendants Thulani Prince Khwela and Martha Kotze had a joint proprietary or ownership interest in the ship's medical facility. Carnival had the interest in the money it devoted to setting up the medical facility and Defendants Thulani Prince Khwela and Martha Kotze had a proprietary interest in the time and labor expended in operating the ship's medical facility.

[DE 1] at p. 13. Furthermore, the *Cordani* court found that "[a]s to 'joint control,' the Complaint alleges that NCL and the Medical Defendants 'shared a common purpose . . . to operate the ship's medical facility for a profit' and detailed how NCL and the Medical Defendants worked together to accomplish that purpose. . . . NCL's Motion to Dismiss Count V of the Estate's Complaint is denied." *Cordani*, 2015 WL 7758512, at *3 (S.D. Fla. Dec. 1, 2015) (citations omitted).

---

[10] However, if this Honorable Court does consider these purported contracts when ruling on Defendant's motion to dismiss, then Plaintiff respectfully requests that they also be considered in favor of Plaintiff's claims, as the purported contract between Carnival and the shipboard doctor and nurse clearly provides that they are employees of Carnival. [DE 14-1] at p. 3, ¶ 6-7; [DE 14-2] at p. 3, ¶6-7 ("This Seafarer's Agreement constitutes the sole and entire **employment** agreement of the parties.") (emphasis added). Furthermore, this purported contract also provides that Carnival has the right to fire the shipboard doctor and nurse, as these purported contracts provide that "Seafarer acknowledges that as a seafarer, he/she is required at all times to comply with and abide by the assigned vessel's rules and regulations; the team Carnival Handbook, as well as all other oral and written rules, regulations and standards of CCL and/or of the operator of the assigned vessel and/or of the ship's command for the assigned vessel. Any violation of any such rules, regulations, policies, procedures and/or standards may result in disciplinary action, up to and including **automatic termination**." [DE 14-1] at p. 3, ¶ 4; [DE 14-2] at pp. 2-3, ¶ 4.

As to joint control, Plaintiff alleged, "Carnival and Defendants Thulani Prince Khwela and Martha Kotze shared a common purpose: to operate the ship's medical facility for profit[,]" [DE 52 at pp. 23-24], that they "[h]ad a joint proprietary interest[,]" id., that they "[h]ad a joint control or right of control with respect to the operation of the medical facility[,]" id., and that,

> Both Carnival and Defendants Thulani Prince Khwela and Martha Kotze had joint or shared control over aspects of the Joint Venture. Defendants Thulani Prince Khwela and Martha Kotze had control over the day to day workings of the ship's medical facility. Carnival also had control over the day to day workings of the ship's medical facility and had control over the billings and collections for the ship's medical facility. Thus, Carnival and the Defendants Thulani Prince Khwela and Martha Kotze had joint control over the day to day operations of the medical facility in that the Defendants Thulani Prince Khwela and Martha Kotze, performed the medical aspects of the Joint Venture and Carnival performed the operational aspects of the Joint Venture.

Id. at p. 12-13.

Plaintiff has adequately alleged that the parties had a joint proprietary interest and joint control or right of control over the venture.[11] Therefore, Carnival's Motion to Dismiss should be denied.[12]

6.   Plaintiff's Counts V, VI, and VIII adequately state a claim.

As an initial matter, Plaintiff notes that Defendant cites to *Barbetta v. S/S Bermuda Star*, 848 F.2d 1364, 1368 (5th Cir. 1988) and to its progeny. However, *Barbetta* was effectively overturned when the Eleventh Circuit held that, "[i]n maritime cases, as elsewhere, we therefore think it 'manifestly just' to hold principals responsible for the conduct they command from their employees." *Franza*, 772 F.3d at 1239 ("Instead of nineteenth-century steamships, see, e.g., Barbetta, 848 F.2d at 1369, we now confront state-of-the-art cruise ships that house thousands of

---

[11] As to *Huang v. Carnival Corp.*, 909 F.Supp.2d 1356, 1361 (S.D. Fla. 2012), Plaintiff notes that, just like it did with *Barbetta*, Carnival has cited to authority that has been abrogated or overturned by *Franza*.

[12] While it appears that Defendant has abandoned seeking dismissal of Count IV of Plaintiff's amended complaint with prejudice, to the extent Defendant still seeks dismissal with prejudice, it also cites to no authority as to why this Honorable Court should dismiss Count II of her amended complaint with prejudice, where, even if Count II of her complaint were deficient, Plaintiff could simply re-allege Count II with the specificity that Defendant demands.

people and operate as floating cities, complete with well-stocked modern infirmaries and urgent care centers. In place of truly independent doctors and nurses, **we must now acknowledge that medical professionals routinely work for corporate masters**.") (emphasis added).

As to Plaintiff's Counts V, VI, and VIII of her amended complaint, she respectfully submits that they are valid for the same reasons that the previous counts are valid, and although there may be some overlap between these counts, these are still distinct theories of Defendant's breach of its duty to exercise reasonable care under the circumstances, and Ms. Goode respectfully submits that she should not be prohibited from organized them in the manner she has. However, if this Honorable Court would prefer that she label these theories of breach differently, she will be happy to do so. *See Gayou*, 2012 U.S. Dist. LEXIS 77536 *24, n. 4. Therefore, Defendant's motion to dismiss should be denied.[13]

## III. CONCLUSION

WHEREFORE, the Plaintiff, DESIREE GOODE, requests that this Honorable Court deny Defendant's Motion to Dismiss and grant Plaintiff other relief that this Court deems proper and just under the circumstances.

## SIGNATURE and CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 11, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

Respectfully submitted,

---

[13] To the extent Defendant is seeking dismissal with prejudice of these counts, it also cites to no authority as to why this Honorable Court should dismiss them with prejudice, where, even if these counts were deficient, Plaintiff could simply re-allege them with the specificity that Defendant demands.

ARONFELD TRIAL LAWYERS
3132 Ponce de Leon Blvd.
Coral Gables, Florida 33134
Tel:      (305) 441 - 0440
Fax:      (305) 441 – 0198
Attorneys for Plaintiffs

By: /s/ Matthias Hayashi, Esq.
Spencer Aronfeld, Esq.
Florida Bar No.: 905161
aronfeld@aronfeld.com
Matthias Hayashi, Esq.
Florida Bar Number: 115973
mhayashi@aronfeld.com

**SERVICE LIST**

Jeffrey Eric Foreman
Foreman Friedman, PA
One Biscayne Tower
2 S Biscayne Boulevard
Suite 2300
Miami, FL 33131-1803
305-358-6555
305-374-9077 (fax)
jforeman@fflegal.com
  Assigned: 06/26/2017
  ATTORNEY TO BE NOTICED

Michael Charles Gordon
Foreman Friedman PA
2 S. Biscayne Blvd., Suite 2300
Miami, FL 33131
305358-6555
305-374-9077 (fax)
mgordon@fflegal.com
Assigned: 11/03/2017
ATTORNEY TO BE NOTICED

Noah Daniel Silverman
Foreman Friedman, PA
One Biscayne Tower
2 S Biscayne Boulevard
Suite 2300
Miami, FL 33131
305-358-6555
305-374-9077 (fax)

nsilverman@fflegal.com
  Assigned: 06/22/2017
  LEAD ATTORNEY
  ATTORNEY TO BE NOTICED

Jenna Francine Gushue
Foreman Friedman, PA
2 South Biscayne Blvd
2300
Miami, FL 33131
305-766-0933
jgushue@fflegal.com
  Assigned: 06/12/2017
  ATTORNEY TO BE NOTICED

**Attorneys for Defendant Carnival Corporation**